Mary G. Thompson (SBN 249200)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA  91914
mt@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiff Jacqueline Britt

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BRITT, an individual; ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES, LLC; GORDON AND ) <br> WONG LAW GROUP P.C.; and ) <br> DOES 1 through 10 inclusive, ) <br> Defendants. ) <br> _____ ) | Civil Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

# COMPLAINT
## I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff **JACQUELINE BRITT** is a natural person residing in California.

4. Defendant **PORTFOLIO RECOVERY ASSOCIATES, LLC** (PORTFOLIO) is a limited liability company doing the business of collecting debts in California, operating from an address at 120 Corporate Blvd. Norfork, VA 23502.

5. Defendant **GORDON AND WONG LAW GROUP P.C.** (GORDON AND WONG) is a professional corporation doing the business of collecting debts in California, operating from an address at 999 Bayhill Dr. 160, San Bruno, CA 94066.

6.. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff.

8. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal,

beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

11. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

12. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

13. In a letter dated July 28, 2006, defendant GORDON AND WONG requested that Plaintiff contact their office to discuss settlement of an alleged debt in the amount of about $16,890.21 that it claimed Plaintiff owed to their client, defendant PORTFOLIO.

14. PORTFOLIO claimed to have purchased an allegedly delinquent Providian Bank Visa Card account.

15. Plaintiff did not believe that she owed the alleged debt to PORTFOLIO; moreover, she had no way of determining whether the amount PORTFOLIO demanded was a fair and accurate calculation of the Providian account.

16. On August 21, 2006, Plaintiff called GORDON AND WONG'S office in response to their letter.

17. Plaintiff spoke to Betty Gallo, an employee of GORDON AND WONG.

18. When Plaintiff attempted to discuss the disputed account with Ms. Gallo, Ms. Gallo became belligerent, rude and unprofessional.

19. Plaintiff offered to pay PORTFOLIO $6,000 to settle the claim in full.

20. Ms. Gallo hung up on Plaintiff; Plaintiff is informed and believes that Ms. Gallo did not communicate the offer to PORTFOLIO.

21. On or about September 8, 2006, Plaintiff sent a letter to GORDON AND WONG, with a copy to PORTFOLIO, in which she relayed her episode with Gallo.

22. Plaintiff's letter of September 8, 2006 also included the following options:

> I am enclosing a cashier's check in the amount of $6,000.00. This check is in full and final consideration of the debt claimed to be owed to your client. Cashing of said check constitutes payment in full and acknowledges your acceptance of payment as full and final settlement of this debt. If this is not your intention, please note that you are to return the check to me at once. No further communication with your office regarding this debt will be entertained or initiated.

23. Plaintiff enclosed a cashier's check in the amount of $6,000.00 with the letter, and caused a copy of the letter and the check to be mailed to Portfolio.

24. Without responding to the letter, Defendants elected to, and did cash Plaintiff's check.

25. Defendants did not at any time object to Plaintiff's terms of settlement nor make any attempt to return any portion of the $6,000.00.

26. Plaintiff understood and believed that Defendants had accepted her terms of settlement and that PORTFOLIO's claim against her was settled in full.

27. On December 21, 2006, GORDON AND WONG filed suit on behalf of PORTFOLIO against Plaintiff for $10,890.21, based on the same account, in Yolo County, California, Superior Court case Portfolio v. Britt, case no. G06-2217 (the Action).

28. Defendants served Plaintiff with the complaint and discovery requests at her work address, even though they knew her home address.

29. Plaintiff, acting In Pro Per, made discovery requests of Defendants; defendants did not produce any of the discovery requested.

30. Plaintiff, still acting In Pro Per, sent a meet and confer letter to Defendants

regarding their failure to provide discovery; Defendants took approximately two months to respond to the meet and confer letter and did not produce the discovery requested.

31. Plaintiff subsequently hired an attorney to represent her at the trial.

32. Trial was held on August 23, 2007. Defendants appeared without witnesses or evidence of Plaintiff's debt and asked the court to dismiss the action without prejudice; the court did so.

33. While this suit was ongoing, Plaintiff suffered multiple stressful events; her Significant Other was seriously injured, she was diagnosed with fibroid tumors, and she learned that her son was about to be deployed to Iraq with the U.S. Air Force; the suit by the defendants exacerbated an already distressing situation.

34. As a result of the acts alleged above, Plaintiff suffered increased symptoms of chronic health conditions, including high blood pressure, kidney disease, anemia, and fibroid tumors; Plaintiff also suffered severe stress related symptoms, including but not limited to nausea and vomiting, headaches, nervousness, worry, severe unhappiness, trouble sleeping, nightmares, loss of appetite, weight loss, irritability, inability to concentrate, and interference with intimate relationships.

35. As a result of the acts alleged above, Plaintiff's work was severely affected; Plaintiff took time off to attend court hearings, was sick, was forced to take sick days and vacation days, and suffered a slump in performance.

36. As a result of the acts alleged above, Plaintiff suffered economic and non-economic damages in an amount to be proved at trial.

## V.  FIRST CLAIM FOR RELIEF
**(As against all Defendants for Violation of the FDCPA)**

38. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

39. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b)    The Defendants violated 15 U.S.C. § 1692d(2) by using abusive language;

    (c)    The Defendants violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the debt;

    (d)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (e)    The Defendants violated 15 U.S.C. § 1692fby using unfair or unconscionable means to collect or attempt to collect a debt;

    (f)    The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

40. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF
### (Against all Defendants for Violation of the Rosenthal Act)

41. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

42. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

43. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a proximate result of Defendants' violations enumerated above, Plaintiff has

6
**COMPLAINT AND DEMAND FOR JURY TRIAL**

been damaged in amounts which are subject to proof.

45. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;
(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).
(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)
(d) For such other and further relief as the Court may deem just and proper.

Dated 10/2/2007

_____
Mary G. Thompson, Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated 10/2/2007

_____
Mary G. Thompson, Attorney for Plaintiff