Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN & NATHAN IN CALIFORNIA, L.L.P.
3667 Voltaire Street
San Diego, CA 92106
Tel: 619/758-1891
Fax: 619/222-3667
dkirkpatrick@sessions-law.biz

Attorney for Portfolio Recover Associates, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BRITT, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; GORDON AND WONG LAW GROUP P.C.;and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: C 07 5121 JCS<br><br>ANSWER OF PORTFOLIO RECOVERY ASSOCIATES, LLC TO COMPLAINT |

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. ("PRA") submits this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

## I.  INTRODUCTION

1. PRA admits that plaintiff purports to seek redress for violations of the FDCPA and Rosenthal Act as alleged in ¶ 1 of the Complaint, but denies violating the FDCPA or Rosenthal Act and denies any liability or wrongdoing under the law.

## II. JURISDICTION AND VENUE

2. PRA admits the allegations in ¶ 2 of the Complaint for jurisdiction and venue purposes only.

### III. PARTIES

3. PRA denies the allegations in ¶ 3 of the Complaint for lack of knowledge or information.

4. PRA admits it is a limited liability company located at the address stated in ¶ 4 of the Complaint. PORTFOLIO further admits it engages in the business of debt collection. Except as specifically admitted, PRA denies the remaining allegations contained in ¶ 4.

5. PRA denies the allegations in ¶ 5 of the Complaint for lack of knowledge or information.

6. PRA admits it collects debts from consumers using the mail and telephone. PRA further admits that when it acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and/or California Civil Code § 1788.2(c), its conduct may be governed by the applicable provisions of those statutes. Except as specifically admitted, PRA denies the allegations contained in ¶ 6.

7. PRA denies the allegations in ¶ 7 of the Complaint.

8. PRA denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information.

9. PRA denies the allegations in ¶ 9 of the Complaint for lack of knowledge or information.

10. PRA denies the allegations in ¶ 10 of the Complaint for lack of knowledge or information.

11. PRA denies the allegations in ¶ 11 of the Complaint for lack of knowledge or information.

12. PRA denies the allegations in ¶ 12 of the Complaint for lack of knowledge or information.

### IV. FACTUAL ALLEGATIONS

13. PRA denies the allegations in ¶ 13 of the Complaint for lack of knowledge or information.

14. PRA admits it purchased plaintiff's Providian National Bank account on or about May 26, 2005. Except as specifically admitted, PRA denies the allegations contained in ¶ 14.

15. PRA denies the allegations in ¶ 15 of the Complaint for lack of knowledge or information.

16. PRA denies the allegations in ¶ 16 of the Complaint for lack of knowledge or information.

17. PRA denies the allegations in ¶ 17 of the Complaint for lack of knowledge or information.

18. PRA denies the allegations in ¶ 18 of the Complaint for lack of knowledge or information.

19. PRA denies the allegations in ¶ 19 of the Complaint for lack of knowledge or information.

20. PRA denies the allegations in ¶ 20 of the Complaint for lack of knowledge or information.

21. PRA denies the allegations in ¶ 21 of the Complaint for lack of knowledge or information.

22. PRA denies the allegations in ¶ 22 of the Complaint for lack of knowledge or information. PRA avers the original of the letter referenced in ¶ 21 is the best evidence of its contents.

23. PRA admits its records reflect a $6,000 payment was made to plaintiff's account on or about September 13, 2006. Except as specifically admitted, PRA denies the remaining allegations contained in ¶ 23.

24. PRA admits its records reflect a $6,000 payment was made on or about September 13, 2006. Except as specifically admitted, PRA denies the remaining allegations contained in ¶ 24.

25. PRA denies the allegations contained in ¶ 25.

26. PRA denies the allegations in ¶ 26 of the Complaint for lack of knowledge or information.

27. PRA admits defendant Gordon and Wong was authorized to file suit against plaintiff on behalf PRA.  Except as specifically admitted PRA denies the allegations contained in ¶ 27 of the Complaint for lack of knowledge or information.

28. PRA denies the allegations in ¶ 28 of the Complaint for lack of knowledge or information.

29. PRA denies the allegations in ¶ 29 of the Complaint for lack of knowledge or information.

30. PRA denies the allegations in ¶ 30 of the Complaint for lack of knowledge or information.

31. PRA denies the allegations in ¶ 31 of the Complaint for lack of knowledge or information.

32. PRA admits its suit against plaintiff was dismissed without prejudice on or about August 23, 2007.  Except as specifically admitted PRA denies the allegations contained in ¶ 32 of the Complaint for lack of knowledge or information.

33. PRA denies the allegations in ¶ 33 of the Complaint for lack of knowledge or information.

34. PRA denies the allegations in ¶ 34 of the Complaint for lack of knowledge or information.

35. PRA denies the allegations in ¶ 35 of the Complaint for lack of knowledge or information.

36. PRA denies the allegations contained in ¶ 36, and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## V. FIRST CLAIM FOR RELIEF

(Against all Defendants including Does for Violation of the FDCPA)

38. PRA incorporates its responses in the foregoing paragraphs as though set forth in full.

39. PRA denies the allegations in ¶ 39 and subsections (a) through (f), inclusive, of the Complaint.

40. PRA denies the allegations contained in ¶ 40, and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## VI. SECOND CLAIM FOR RELIEF

(Against All Defendants for Violation of the Rosenthal Act)

41. PRA incorporates its responses in the foregoing paragraphs as though set forth in full.

42. PRA denies the allegations in ¶ 42 and subsections (a) through (f), inclusive, of the Complaint.

43. PRA denies the allegations in ¶ 43 of the Complaint.

44. PRA denies the allegations contained in ¶ 44, and further specifically deny plaintiff is entitled to damages in any amount whatsoever.

45. PRA denies the allegations contained in ¶ 45, and further specifically deny plaintiff is entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

1. One or more of the Counts contained in the Complaint fail to state a claim upon which relief may be granted.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

3. Pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

4. Assuming the plaintiff suffered any damages, any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or

entities beyond the control or supervision of PRA, or for whom PRA is not responsible or liable.

     5.    Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

WHEREFORE, Defendants request that this action be dismissed and that Defendants be awarded costs and attorneys fees and any other appropriate relief.

Dated: November 16, 2007         SESSIONS, FISHMAN & NATHAN IN CALIFORNIA, L.L.P.

                                                      __s/Debbie P. Kirkpatrick_____
                                                      Debbie P. Kirkpatrick
                                                      Attorney for Defendant
                                                      Portfolio Recovery Associates, Inc.