Amy L. Gordon, Esq. (143560)
Mitchell L. Wong, Esq. (170856)
**Gordon & Wong Law Group, P.C.**
510 Myrtle Avenue, Suite 102
South San Francisco, CA 94080
Tel: (650) 583-9399
Fax: (650) 583-9010

Attorneys for Defendant
Gordon & Wong Law Group, P.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUELINE BRITT, an individual<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; GORDON AND WONG LAW GROUP P.C.; ET AL<br>Defendants. | **Case No.** C 07-5121 CRB<br><br>**1st AMENDED ANSWER OF DEFENDANT GORDON AND WONG LAW GROUP, P.C. TO THE COMPLAINT & AFFIRMATIVE DEFENSES** |

**ANSWER TO THE COMPLAINT**

Comes now Defendant GORDON AND WONG LAW GROUP, P.C., a corporation (hereinafter "Defendant"), by and through its attorneys, and responds as follows to the allegations set forth in the Complaint and Demand For Jury Trial (Unlawful Debt Collection Practices) (hereinafter "Complaint") filed by Plaintiff JACQUELINE BRITT (hereinafter "Plaintiff").

To the extent not specifically admitted herein, all allegations of the Complaint are denied.

**I. INTRODUCTION**

1.   Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring claims under the statutes cited in paragraph 1, but denies that Plaintiff has adequately pled a claim for relief under any of them. Except as so stated, Defendant denies each and every

allegation contained in paragraph 1 of the Complaint and denies any liability or wrongdoing under the law.

## II. JURISDICTION AND VENUE

2.    The allegations in paragraph 2 of the Complaint constitute conclusions of law to which no responsive pleading is required, except that Defendant admits that at least one named defendant transacts business in the Northern District of California for jurisdictional and venue purposes only. Except as so stated, Defendant denies each and every allegation contained in paragraph 2.

## III. PARTIES

3.    Answering paragraph 3 of the Complaint, Defendant denies that the Plaintiff is a natural person residing in California only for lack of knowledge or information.

4.    Answering paragraph 4 of the Complaint, Defendant denies the allegations contained therein for lack of information.

5.    Answering paragraph 5 of the Complaint, Defendant admits that defendant GORDON AND WONG LAW GROUP PC is a professional corporation, but the Defendant denies the rest of the allegations therein.

6.    Answering paragraph 6 of the Complaint, Defendant admits only that it is a law firm which collects debts from consumers and may be regulated by relevant statute. Except as specifically admitted, Defendant denies the allegations therein.

7.    Answering paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

8.    Answering paragraph 8 of the Complaint, Defendant denies each and every one of the allegations therein for lack of knowledge or information.

9.    Answering paragraph 9 of the Complaint, Defendant denies the allegations contained therein for lack of knowledge or information.

10.    Answering paragraph 10 of the Complaint, Defendant lacks information and knowledge as to whether the actual debt that the Defendants attempted to collect from Plaintiff was a "debt" as defined by 15 U. S. C. § 1692(a)(5), and based on that lack of information and

knowledge, Defendant denies each and every one of the allegations set forth therein.

11. Answering paragraph 11 of the Complaint, Defendant lacks information and knowledge as to whether the Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h), and based on that lack of information and knowledge, Defendant denies each and every one of the allegations set forth therein.

12. Answering paragraph 12 of the Complaint, Defendant lacks information and knowledge as to whether the Defendants attempted to collect from Plaintiff a "consumer debt" as defined by California Civil Code § 1788.2(f), and based on that lack of information and knowledge, Defendant denies each and every one of the allegations set forth therein.

## IV. FACTUAL ALLEGATIONS

13. Answering paragraph 13 of the Complaint, Defendant admits only to sending the letter dated July 28, 2006, with that exception Defendant denies each and every one of the allegations set forth therein.

14. Answering paragraph 14 of the Complaint, Defendant upon information and belief admits the allegation.

15. Answering paragraph 15 of the Complaint, Defendant denies each and every one of the allegations set forth therein upon information and belief.

16. Answering paragraph 16 of the Complaint, Defendant admits to receiving a call from someone alleging to be Jacqueline Britt on August 21, 2006; except for that Defendant denies each and every one of the allegations set forth therein.

17. Answering paragraph 17 of the Complaint, Defendant upon information and belief admits that Jacqueline Britt spoke to Betty Gallo, an employee of GORDON AND WONG.

18. Answering paragraph 18 of the Complaint, Defendant denies each and every one of the allegations set forth therein upon information and belief.

19. Answering paragraph 19 of the Complaint, Defendant denies each and every one of the allegations set forth therein upon information and belief

20. Answering paragraph 20 of the Complaint, Defendant denies each and every one

1  of the allegations set forth therein for lack of knowledge or information.

2      21.    Answering paragraph 21 of the Complaint, Defendant admits the allegations
3  contained set forth therein for lack of knowledge or information..

4      22.    Answering paragraph 22 of the Complaint, Defendant denies each and every one
5  of the allegations set forth therein for lack of knowledge or information.

6      23.    Answering paragraph 23 of the Complaint, Defendant denies each and every one
7  of the allegations set forth therein upon information and belief.

8      24.    Answering paragraph 24 of the Complaint, Defendant denies the allegations set
9  forth therein for lack of information and knowledge.

10     25.    Answering paragraph 25 of the Complaint, Defendant denies each and every one
11 of the allegations set forth therein.

12     26.    Answering paragraph 26 of the Complaint, Defendant denies each and every one
13 of the allegations set forth therein.

14     27.    Answering paragraph 27 of the Complaint, Defendant admits the allegations set
15 forth therein.

16     28.    Answering paragraph 28 of the Complaint, Defendant admits only that service
17 appears to have been accomplished at Jacqueline Britt's place of employment only and denies
18 each and every one of the allegations set forth therein.

19     29.    Answering paragraph 29 of the Complaint, Defendant denies each and every one
20 of the allegations set forth therein upon information and belief.

21     30.    Answering paragraph 30 of the Complaint, Defendant admits that it received a
22 meet and confer letter only, and denies each and every one of the other allegations set forth
23 therein upon information and belief.

24     31.    Answering paragraph 31 of the Complaint, Defendant admits the same upon
25 information and belief.

26     32.    Answering paragraph 32 of the Complaint, Defendant admits a trial was held on
27 August 23, 2007 and that a dismiss was entered without prejudice, and denies each and every
28 other allegation set forth therein.

33. Answering paragraph 33 denies each and every one of the allegations set forth therein for lack of knowledge and information.

34. Answering paragraph 34 of the Complaint, Defendant denies each and every one of the allegations set forth therein for lack of knowledge and information.

35. Answering paragraph 35 of the Complaint, Defendant denies each and every one of the allegations set forth therein for lack of knowledge and information.

36. Answering paragraph 36 of the Complaint, Defendant denies each and every one of the allegations set forth therein and specifically denies plaintiff is entitled to damages in any amount whatsoever.

## V. FIRST CLAIM FOR RELIEF

37. Answering paragraph 38 of the Complaint, Defendant incorporates its responsees in the foregoing paragraphs as though set forth in full.

38. Answering paragraph 39 of the Complaint, Defendant admits the allegations set forth therein and subsections (a) through (f), inclusive.

39. Answering paragraph 40 of the Complaint, Defendant denies each and every one of the allegations set forth therein, and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## VI. SECOND CLAIM FOR RELIEF

40. Answering paragraph 41 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs as though set forth in full.

41. Answering paragraph 42 of the Complaint, Defendant denies each and every one of the allegations set forth therein and subsections (a) through (f), inclusive.

42. Answering paragraph 43, Defendant denies each and every one of the allegations set forth therein.

43. Answering paragraph 44, Defendant denies each and every one of the allegations set forth therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

44. Answering paragraph 45, Defendant denies each and every one of the allegations set forth therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

### RESPONSE TO PRAYER FOR RELIEF

45. Defendant denies that Plaintiff is entitle to any relief whatsoever, of any kind and nature, from Defendant or any of the defendants, in connection with this action.

### **AFFIRMATIVE DEFENSES**

#### FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's Complaint, and each of its purported causes of actions (entitled "Claims For Relief") fail to state facts sufficient to constitute claims upon which relief can be granted. For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

#### SECOND AFFIRMATIVE DEFENSE

47. Defendant is informed and believes, and upon such information and belief alleges, that the injuries, losses or damages alleged in the Complaint were proximately caused and contributed to by the negligence or other wrongful acts of Plaintiff and others. For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

#### THIRD AFFIRMATIVE DEFENSE

48. Defendant is informed and believes, and upon such information and belief alleges, that the Plaintiff, in the exercise of reasonable diligence, could have mitigated, but failed to mitigate, her alleged damages. For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

#### FOURTH AFFIRMATIVE DEFENSE

49. The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

///

**FIFTH AFFIRMATIVE DEFENSE**

50.     Plaintiff sustained no injury or damages as an actual or a proximate result of any unlawful act by or attributable to Defendant.  For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

**SIXTH AFFIRMATIVE DEFENSE**

51.     The Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

52.     Any alleged damage(s) suffered by Plaintiff is in no way caused by, or the result of, any fault, act or omission by Defendant, but was caused by circumstances, persons, and/or entities for which and/or whom Defendant is not and may not be held responsible, including Plaintiff, and for which Defendant cannot by held liable.  For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

**EIGHTH AFFIRMATIVE DEFENSE**

53.     Defendant states that any violation of the FDCPA or the State Act, which they deny occurred, was not intentional and would have resulted from *bona fide* error(s) not withstanding the maintenance procedures reasonably adapted to avoid such error.   For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

**NINTH AFFIRMATIVE DEFENSE**

54.     Defendant states that any violation of the State Act, which they denied occurred, was properly cured within the fifteen day period provided by law.  For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

**TENTH AFFIRMATIVE DEFENSE**

55.     The causes of action (entitled "Claims For Relief") in the Complaint are barred to the extent it was not filed within the applicable statute of limitations.  For that reason, the Plaintiff if barred, in whole or in part, from obtaining the relief she seeks.

**ELEVENTH AFFIRMATIVE DEFENSE**

56.     The Relief sought by Plaintiff is barred, in whole or in part, because of the

impossibility of ascertainment and allocation of such alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

57. The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff has not suffered actual, cognizable injury under the Fair Debt Collection Practices Act, 15 U. S. C. § 1692, *et. seq.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

58. The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

59. The relief sought by the Plaintiff is barred, in whole or in part, by the doctrine of waiver from asserting against the Defendant the claims stated in, and any liability under, the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

60. The Plaintiff's claims are barred, in whole or in part, by the Plaintiff's failure to join indispensable parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

61. The purported debt that the Defendant attempted to collect from the Plaintiff was not a "consumer debt" as defined by the Rosenthal Act, subdivision (f) of Section 1788.2 of the California Civil Code.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

62. The purported debt that the Defendant attempted to collect from the Plaintiff was not a "debt" as defined by 15 U.S.C. § 1692a(5).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

63. The Plaintiff's claims are barred, in whole or in part, because the alleged conduct by the Defendant was made in a good faith conformity with an advisory opinion of the Federal Trade Commission.

**NINETEENTH AFFIRMATIVE DEFENSE**

64. The Plaintiff's claims are barred, in whole or in part, because the Plaintiff would be unjustly enriched if she was allowed to recover any part of the damages alleged in the

Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

65. The Plaintiff's claims are barred, in whole or in part, because the statutory, equitable, and other sources of law do not allow for the relief sought by the Plaintiff.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

66. Defendant reserves the right to assert other defenses and affirmative defenses as this action proceeds.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever and prays for judgment as follows:

1. Plaintiff take nothing by virtue of her Complaint, and that the Complaint be dismissed with prejudice;

2. Judgment be entered for Defendants

3. Defendants be awarded attorneys' fees and costs; and

4. For such other relief as the Court deems just and proper.

Respectfully submitted:

**GORDON & WONG LAW GROUP, P.C.**

Date: December 4, 2007         By: ___/s/_____
                                       Mitchell L. Wong
                                  Attorneys for Defendant,
                                  Gordon & Wong Law Group, P.C.

F:\Mitch\Portfolio Recovery\Answer.Complaint.BRITT.wpd

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of eighteen, and not a party to this action. My business address is 510 Myrtle Ave., Suite 102, South San Francisco, CA 94080, I served the foregoing documents described as:

**ANSWER OF DEFENDANT
GORDON & WONG LAW GROUP, P.C.
TO THE COMPLAINT**

[ X ]   BY MAIL: by placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the Untied States Postal Service in a sealed envelope with postage fully prepaid.

[ ]   BY CERTIFIED MAIL: by placing the document(s) above in a sealed envelope with postage thereon fully prepaid, in the United States mail at South San Francisco, California, addressed to the person(s) at the address(es) set forth below.

[ ]   BY FACSIMILE: by faxing the document(s) above to the person(s) at the fax number(s) set forth below before 5:00 pm on the date of service.

[ ]   BY PERSONAL DELIVERY: by causing personal delivery of the document(s) above on the person(s) at the address(es) set forth below.

[ ]   BY OVERNIGHT DELIVERY: by causing the document(s) above to be picked up by an overnight delivery service company for delivery to the person(s) at the address(es) set forth below on the next business day.

| | |
|---|---|
| Debbie P. Kirkpatrick, Esq.<br>Sessions, Fishman & Nathan in CA, LLP<br>3667 Voltaire Street<br>San Diego, CA 92106 | **Attorney for Defendant, Portfolio Recovery Associates, LLC** |
| Mary G. Thompson, Esq.<br>Law Office of Eric F. Fagan<br>2220 Otay Lakes Road, # 502-84<br>Chula Vista, California 91915 | **Attorney for Plaintiff, JACQUELINE BRITT** |

[ ]   STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ]   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed at South San Francisco, California.

Date: December 4, 2007                               By:    /s/_____
                                                                    Janet Tseng

ANSWER OF DEFENDANT GORDON AND WONG LAW GROUP P.C. TO THE COMPLAINT
10